IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HARDY K. AH PUCK, | ) CIV. NO. 19-00119 HG-RT |
| | ) |
| Plaintiff, | ) ORDER DISMISSING ACTION |
| | ) AND DENYING ALL PENDING |
| vs. | ) MOTIONS |
| | ) |
| TRACY JONES, MAUI POLICE | ) |
| DEP'T, JUDGE CORDOZA, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER DISMISSING ACTION AND DENYING ALL PENDING MOTIONS

Before the Court is pro se Plaintiff Hardy K. Ah Puck's civil rights Complaint brought pursuant to 42 U.S.C. § 1983, application to proceed in forma pauperis (IFP), and request for appointment of counsel. ECF Nos. 1-3. Plaintiff is a recently released prisoner[1] who seeks damages for his allegedly unconstitutional conviction in the Hawaii Circuit Court of the Second

---

[1] See https://www.vinelink.com/#/searchResults/1. (last visited 03/13/2019, showing Plaintiff "Out of Custody," "Sentence served").

1

Circuit in *State v. Ah Puck*, 2CPC-17-0000884 (Haw. 2d Cir. 2017).[2] *See* Compl., ECF No. 1, PageID #2.

Plaintiff alleges that unidentified Maui County Police Officers entrapped him during his arrest, Maui County Deputy Prosecutor Tracy Jones engaged in prosecutorial misconduct during his trial, and Hawaii Second Circuit Judge Joseph Cordoza violated his constitutional rights by failing to declare a mistrial in 2CPC-17-0000884. Plaintiff seeks damages.

For the following reasons, this action is DISMISSED without prejudice, but without leave granted to amend, and all pending motions are DENIED.

## I. SCREENING

The court is required to screen Plaintiff's claims against government officials pursuant to 28 U.S.C.

---

[2] On March 1, 2018, Plaintiff pled no contest in 2CPC-17-0000884 to "Promoting a detrimental drug to distribute marijuana or Schedule V substance any amount," in violation of HRS § 712-1248(1)(d), a misdemeanor, and was sentenced to one year incarceration, to be served concurrently with his nine-month sentence in *State v. Ah Puck*, 2CPC-18-000077 (Haw. 2d Cir. 2018). *See* http://www.courts.state.hi.us. These cases are on appeal in CAAP-18-0000481 and CAAP-18-0000482; Plaintiff is represented by counsel in these appeals.

§ 1915A(a). Claims that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing § 1915A(b)). Section 1915 screening involves the same standard of review as that under Federal Rule of Civil Procedure 12(b)(6). *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the

defects in the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*). If a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. **DISCUSSION**

In *Heck v. Humphrey*, 512 U.S. 477 (1994), a state prisoner sought damages based on the allegedly unlawful conduct of the officials he held responsible for his conviction. The Supreme Court held that:

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. at 486-87. A "district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the

conviction or sentence has already been invalidated." *Id.* at 487.

Plaintiff's convictions in 2CPC-17-0000884 and 2CPC-18-000077 have not been reversed, expunged, or otherwise called into question. They are currently proceeding on appeal with the Intermediate Court of Appeals. Because Plaintiff's claims that Defendants acted illegally during his arrest and trial, if successful, would call these convictions into question, these claims are barred by *Heck* and are DISMISSED without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (*en banc*).

### III. **CONCLUSION**

(1) The Complaint is DISMISSED without prejudice as barred by the *Heck v. Humphrey*, 512 U.S. 477 (1994) doctrine.

(2) Plaintiff's application to proceed in forma pauperis and letter request for appointment of counsel

are DENIED.

IT IS SO ORDERED.

DATED: March 14, 2019, Honolulu, Hawaii.



/s/ Helen Gillmor
Helen Gillmor
United States District Judge

*Ah Puck v. State of Hawaii Prosecutor*, 1:19-cv-00119 HG-RT; scrn '19 Non-pris Ah Puck (Heck barred)

6